UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMEY ADKINS,<br>Plaintiff,<br>v.<br>TIMOTHY LEE ADKINS,<br>Defendant/Debtor. | No. 2:26-mc-0409 DAD AC (BK)(PS)<br><br>FINDINGS AND RECOMMENDATIONS |

This miscellaneous case is before the District Court on referral from the United States Bankruptcy Court for the Eastern District of California, for the limited purpose of adjudicating a motion to proceed in forma pauperis. ECF No. 1 at 1. Plaintiff Amey E. Adkins, who is proceeding in pro se, is suing the debtor Timothy Lee Adkins in Bankruptcy Court to have certain debts declared nondischargeable. Id. Plaintiff requested to amend her complaint in Bankruptcy Court to include other causes of action, but that request was denied. Id. Plaintiff appealed and the Bankruptcy Appellate Panel dismissed the interlocutory appeal. Id. The parties are currently litigating this adversary proceeding in Bankruptcy Court, with a discovery deadline of December 11, 2026. Id. Plaintiff filed a motion for leave to proceed in forma pauperis with respect to this adversary proceeding on October 21, 2026; that motion was submitted to the court on referral. ECF No. 2. The motion also requests that the court appoint a volunteer attorney to represent plaintiff. Id.

For the reasons that follow, plaintiff's motion must be DENIED. First, the request is not on the proper form and does not include all information necessary to a determination of indigence under 28 U.S.C. § 1915(a)(1). Indeed, the application does not contain any information regarding plaintiff's financial status. Instead, plaintiff asserts that she is entitled to a fee waiver because other courts have given her a fee waiver in other cases. ECF No. 2 at 3. This is not enough information for the court to grant a fee waiver in this case.

Second, plaintiff appears to seek a fee waiver for improper purposes. Plaintiff already paid the $350.00 filing fee in the bankruptcy case and does not seek a waiver of that fee. Id. Instead, plaintiff states that she cannot bear the costs of "retaining counsel, obtaining evidence, and other litigation expenses" without undue hardship. Id. In forma pauperis statute does not cover expenses associated with retaining counsel or collecting evidence; the statute only allows a person, who makes the required showing, to commence a suit without paying the filing fee. 28 U.S.C. § 1915(a)(1).

Because plaintiff does not qualify for in forma pauperis status, she is not eligible for appointment of counsel. 28 U.S.C. § 1915(e)(1). Nonetheless, the court notes that even if plaintiff were eligible, counsel would not be appointed in this case. In civil cases, a pro se litigant's right to counsel "is a privilege and not a right." United States ex Rel. Gardner v. Madden, 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." Id. When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate their claims pro se considering the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). Plaintiff asserts counsel is needed due to her lack of legal training, but this is an issue common to all pro se litigants. ECF No. 2 at 5-6. The circumstances do not appear to be exceptional, and counsel is not warranted.

In conclusion, it is RECOMMENDED that plaintiff's motion (ECF No. 2) be DENIED and that this miscellaneous case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21)

days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 9, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE